UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS K. STEWARD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1170 |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

FILED
JUL 3 1 2013
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

According to plaintiff, the Federal Bureau of Investigation and other law enforcement organizations claim that "they do not have authority to investigate Ohio criminal cops," notwithstanding his evidence "to show that these white criminal cops and their cohorts have murdered and destroyed many Americans['] lives in Ohio." Compl. at 1 (page numbers designated by the Court). Plaintiff is "in urgent need of a investigated [sic]," and claims to have endured "financial hardships because of the crimes commit[ted] against [him] by these criminals." *Id.* at 2. He demands "compensate[ion] over one billion dollars." *Id.*

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendant of the claim being asserted, sufficient to

prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, plaintiff's pleading fails to accomplish even these minimal goals. He fails to make a short and plain statement showing that he is entitled to relief. Furthermore, insofar as plaintiff demands that the FBI conduct an investigation, the Court has no authority to order such relief. "It is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the decision to investigate any particular matter is left to the discretion of the Attorney General, *see United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

An Order accompanies this Memorandum Opinion.

DATE: 7/24/13

/s/ Ellen Shuck
United States District Judge